IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATONYA LEE, Individually and on Behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) | No. 14 C 3258 |
| v. ) ) | Judge Robert W. Gettleman |
| THE CHILDREN'S PLACE RETAIL STORES, INC. ) ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff LaTonya Lee filed a five-count putative class action complaint alleging that her former employer, defendant The Children's Place Retail Store, Inc. ("TCP"), failed to pay actual and overtime compensation to her and other employees (non-exempt, store-level employees) in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (Count I, II, & III), the Illinois Minimum Wage Law, 820 ILCS § 105, et seq. (Count IV), and the Illinois Wage Payment and Collection Act, 820 § 115/1, et seq. (Count V). Defendant has filed the instant motion to strike class allegations pursuant to Fed. R. Civ. P. 23(c)(1)(A) and (d)(1)(D) and 29 U.S.C. § 216(b), contending that plaintiff cannot establish typicality and adequacy of representation, Fed. R. Civ. P. 23(a)(3)-(4). For the following reasons, defendant's motion is granted.

## BACKGROUND

Plaintiff, an hourly employee, was employed by defendant TCP as an assistant manager. Plaintiff alleges that defendant withheld actual and overtime pay from her and other employees by requiring them to perform work off-the-clock, without compensation. Specifically, plaintiff complains that she and other members of the class were required to work off-the-clock in the morning prior to the start of their shifts, were regularly interrupted to perform work during unpaid

meal breaks, and that defendant frequently initiated telephone conversations with them during scheduled time off.

## DISCUSSION

### I. Motion to Strike Class Allegations

Defendant brings its motion to strike class allegations pursuant to Rule 23(c)(1)(A) and (d)(1)(D). Rule 23(c)(1)(A) provides that the court, "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Rule 23(d)(1)(D) provides that, "[i]n conducting an action under this rule, the court may issue orders that . . . require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Contrary to plaintiff's contention that such motions are disfavored, courts in this district and others have held that a motion to strike class allegations, made pursuant to these provisions, is an appropriate device to determine whether the case will proceed as a class action. E.g., Muehlbauer v. General Motors Corp., 431 F. Supp. 2d 847, 870 (N.D. Ill. 2006); Valentine v. WideOpen West Finance, LLC, 288 F.R.D. 407, 414 (N.D. Ill. 2012); Buonomo v. Optimum Outcomes, Inc., No. 13-CV-5274, 2014 WL 1013841, at *2 (N.D. Ill. Mar. 17, 2014); Cornette v. Jenny Garton Ins. Agency, Inc., No. 2:10-CV-60, 2010 WL 2196533, at *2 (N.D. W. Va. May 27, 2010).

Although it will often not be "practicable" for the court to determine whether to certify the case as a class action at the pleading stage, "sometimes the complaint will make it clear that class certification is inappropriate." Hill v. Wells Fargo Bank, N.A., 946 F. Supp. 2d 817, 829 (N.D. Ill. 2013); see also Kasalo v. Harris & Harris, Ltd., 656 F.3d 557, 563 (7th Cir. 2011)

2

("Consistent with [Rule 23(c)(1)(A)'s] language, a court may deny class certification even before the plaintiff files a motion requesting certification."). The Supreme Court has recognized as much, noting that "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 160 (1982). In such circumstances, a court may determine that class certification is inappropriate prior to the parties conducting class discovery. Buonomo, 2014 WL 1013841, at *2.

Plaintiff argues that defendant's motion to strike should be denied because it is not evident from her complaint, standing alone, that a class action cannot be maintained. Plaintiff cites this court's decision in Wright v. Family Dollar, Inc., No. 10-C-4410, 2010 WL 4962838 (N.D. Ill. Nov. 30, 2010), arguing that in order for a district court to strike class allegations prior to discovery, it is an essential requirement that the complaint expose class conflicts on its face. Plaintiff contends that in Family Dollar, class conflicts were evident from the complaint alone, and that this court did not have to "delve into the defendant's . . . facts within its motion" to conclude that class certification was inappropriate. Plaintiff misconstrues the court's opinion in Family Dollar.

Unlike a motion under Rule 12(b)(6) that limits the court to considering only the plaintiff's complaint, when considering class certification under Rule 23, a district court may look beneath the surface of a complaint. Szabo v. Bridgeport Machs., Inc., 249 F.3d 672, 677 (7th Cir. 2001); see also Hamilton v. O'Connor Chevrolet, Inc., No. 2-C-1897, 2006 WL 1697171, at *3 (N.D. Ill. June 12, 2006) ("[A] district court often probes behind a plaintiff's allegations or assertions because it is necessary to determine whether, if the class were certified,

3

the issues presented could fairly and confidently be resolved with respect to all the absent class members . . . ."). Because defendant's motion to strike class allegations is a vehicle for analyzing the appropriateness of class certification, contrary to plaintiff's contentions, the court is not limited to the face of plaintiff's complaint when considering the motion. This court looked beyond the complaint in Family Dollar, finding that a conflict existed between associates who were promoted to managers and associates who worked for those managers. As evidenced by the opinion's only footnote, the court identified this conflict from an affidavit supplied by the defendant. Moreover, in holding that the plaintiff could not establish typicality, the court relied on the fact that the defendant had unique defenses against the plaintiff and other class members. These unique defenses, of course, were articulated in the defendant's pleadings.

Other courts in this district have similarly looked outside the complaint when presented with a motion to strike class allegations. In Bohn v. Boiron, Inc., the court struck plaintiff's class allegations, concluding that a previous class action barred plaintiff from representing the putative class. No. 11-C-08704, 2013 WL 3975126 (N.D. Ill. Aug. 1, 2013); In re Yasmin & Yaz (Drospirenone) Mktg., 275 F.R.D. 270, 274 (S.D. Ill. 2011) ("After reviewing the parties' briefs . . . it is obvious from the pleadings that no class action can be maintained.").

## II. IWPCA Class Action

### A. Legal Standard

Fed. R. Civ. P. 23 requires a two-step analysis to determine whether class certification is appropriate. First, plaintiffs must satisfy all four requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Failure to meet any one of these four requirements precludes class certification. Oshana v. Coca-Cola Co., 472 F.3d 506,

513 (7th Cir. 2006). Second, plaintiffs must satisfy at least one provision of Rule 23(b). Here, plaintiff seeks monetary damages, and therefore must satisfy Rule 23(b)(3), which requires plaintiff to establish that questions of law or fact common to class members predominate over any questions affecting only individual class members.

As discussed above, in determining whether class certification is appropriate, a district court does not presume that all well-pleaded allegations are true and can look outside the complaint to conduct the Rule 23 inquiries. Szabo, 249 F.3d at 677. Even when the defendant initiates the court's review of class allegations, the burden remains on the plaintiff to establish that the suit may be maintained as a class action. See Oshana, 472 F.3d at 513, citing Trotter v. Klincar, 748 F.2d 1177, 1184 (7th Cir. 1984) ("it is the plaintiff's burden to prove the class should be certified").

**B.     Analysis**

The proposed class definition in the complaint is less than ideal. The complaint describes the putative class as "past and present hourly employees who work or worked for Defendant as described above." However, it is not clear what "as described above" refers to. Defendant's motion is predominately based on a reading of plaintiff's putative class definition as including all past and present employees who worked for defendant. As such, defendant argues that the class allegations must be struck because plaintiff can establish neither adequacy of representation nor typicality, as required by Rule 23(a).

Plaintiff argues that contrary to defendant's contentions, the complaint limits the proposed class to assistant store managers, thereby curing any conflicts. Plaintiff's response brief states that "[t]he plain meaning of [the complaint's] allegations is that Plaintiff worked as

5

an Assistant Manager, and that the putative class members also worked as Assistant Managers."
However, in the same pleading plaintiff describes the proposed class as "Assistant Managers *and* those similarly situated." Moreover, in correspondence with opposing counsel, plaintiff's counsel reserved the right to expand the scope of the class beyond assistant store managers. Given these conflicting assertions and the vague class definition, the court is not convinced that the scope of the putative class described in the complaint is limited to assistant store managers.

**1.      Adequacy of Representation**

Defendant correctly contends that two main conflicts of interest exist that prevent plaintiff from adequately representing all members of the proposed class. The first conflict is between managers and the associates who report or reported to them. TCP has a timekeeping policy prohibiting non-exempt employees from working off-the-clock. Plaintiff does not contest that as an assistant manager she and the store manager were responsible for overseeing associate hours and ensuring compliance with defendant's timekeeping policy. As a result, any member of the putative class who reported to plaintiff would be claiming that plaintiff acted in violation of the law and defendant's policies (and any class member who reported to another class member manager would be accusing that class member of identical unlawful conduct).

The second type of conflict is between all putative class members who, like plaintiff, are no longer employed by defendant, and putative class members who presently work as managers. TCP managers are subject to discipline for requiring employees to work off-the-clock in violation of the company's timekeeping policy. Plaintiff herself was disciplined twice while employed by defendant for violating the company's wage-hour policy. Faced with similar

discipline, current class member managers have an incentive to deny that they required fellow class members to work off-the-clock.

These conflicts prevent plaintiff from adequately representing the proposed class. In Family Dollar, this court recognized that a manager who allegedly participated in the alleged wrongful conduct, cannot adequately represent a class that includes associates complaining about the wrongful conduct. 2010 WL 4962838, at *3. Other courts have similarly found inadequate representation where the putative class included both the plaintiff and those she supervised. See, e.g., Mateo v. V.F. Corp., No. C 08-05313 CW, 2009 WL 3561539, at *5 (N.D. Cal. Oct. 27, 2009); Sample v. Aldi, No. 93 C 3094, 1994 WL 48780, at *4 (N.D. Ill. Feb. 15, 1994) ("[I]t is generally true that supervisory and nonsupervisory employees should not be placed in the same class."). As defendant points out, representation of such a broad class by plaintiff's counsel would violate Illinois' Rules of Professional Conduct, because his representation of one client would be adverse to another client. Ill. R. Prof. Cond. 1.7.

**2.    Typicality**

The pleadings also show that plaintiff cannot establish typicality as required by Rule 23(a)(3). Defendant alleges that it has a unique defense against plaintiff and other management-level putative class members. Namely, that any TCP manager who required or allowed employees to work off-the-clock, did so in violation of the company's timekeeping policy and without its knowledge. This defense is unique to plaintiff and other management-level employees because it would not apply to associate class members, who do not control their daily time or compensation.

Under the typicality analysis, "[w]here it is predictable that a major focus of the litigation will be on an arguable defense unique to the named plaintiff or a small subclass, then the named plaintiff is not a proper class representative." Koos v. First Nat. Bank of Peoria, 496 F.2d 1162, 1164 (7th Cir. 1974); see Robles v. Corporate Receivables, Inc., 220 F.R.D. 306, 309 (N.D. Ill. 2004) (finding that unique defenses destroy typicality because "the defenses against the named representatives are likely to usurp a significant portion of the litigant's time and energy, and there is a danger that the absent class members will suffer if their representative is preoccupied with defenses unique to it") (internal citations and quotations omitted). Plaintiff cannot establish typicality, because not all putative class members would have to litigate this issue.

### III.  FLSA Collective Action

Plaintiff argues that notwithstanding class certification issues that may exist under Rule 23 with regards to the IWPCA claim (Count V), the FLSA collective action (Counts I, II, & II) is unaffected. Plaintiff contends that "it is well-established that requirements for conditional certification . . . under the FLSA are markedly different from, and less demanding than, class certification under Rule 23."

### A.  Legal Standard

Section 16(b) of the FLSA allows for a collective action "against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Although neither the FSLA nor the Seventh Circuit have set forth criteria for determining whether employees are "similarly situated," most district courts in this circuit have adopted a two-step process for determining whether an FLSA lawsuit should proceed as a collective action. Dailey v. Groupon, Inc., No. 11-C-05685, 2014 WL

8

4379232, at *3 (N.D. Ill. Aug. 27, 2014). The first step requires the named plaintiff to establish that the potential class members are similarly situated by making a modest factual showing that they were victims of a common policy or plan to violate the law. Id. If established, conditional certification of the class is appropriate. At the second step, which takes place following discovery, the analysis is more rigid and requires the court to consider: "(1) whether the plaintiffs share similar or disparate factual and employment settings; (2) whether the various affirmative defenses available to the defendant would have to be individually applied to each plaintiff; and (3) fairness and procedural concerns." Id.

**B.     Analysis**

In support of its motion, defendant makes two arguments in regard to plaintiff's FLSA collective action. First, defendant argues that the FLSA collective action fails as a result of the same conflicts that permeate the IWPCA class action. Defendant cites a number of cases from other districts to support its contention that conflicts of interest bar collective action certification under section 216(b). However, these cases are not persuasive. Both White v. Osmose and Eng-Hatcher v. Sprint Nextel Corp. are distinguishable from the present action because at the time the plaintiff moved for conditional certification in each case, discovery had already occurred, allowing the court to complete a more stringent analysis of the class allegations. See White v. Osmose, Inc., 204 F. Supp. 2d 1309, 1313 n.2 (M.D. Ala. 2002) (noting that the plaintiff had "had extensive discovery with respect to [the defendant's] policies regarding the pay provisions of employees," making it "necessary [for the court] to carefully consider the submissions of the parties with respect to the class allegations."); Eng-Hatcher v. Sprint Nextel Corp., 2009 WL

9

7311383, at *1 (S.D.N.Y. Nov. 13, 2009) (acknowledging that four months of discovery took place prior to plaintiff moving for conditional certification).

The third case cited by defendant conflicts with this district's precedent. The court in Ellerd v. County of Los Angeles denied conditional certification of the proposed class because a conflict existed between the plaintiff social workers and their supervisors, thereby preventing the plaintiff from adequately representing the entire class. 2009 U.S. Dist. LEXIS 36865, at *13-14 (C.D. Cal. Apr. 9, 2009). However, as discussed above, step one of the certification process adopted by most courts in this district does not inquire into such issues. "Plaintiffs are merely required to make a minimal showing at this initial stage." Smith v. Family Video Movie Club, Inc., No. 11-C-1773, 2012 WL 580775, at *5 (N.D. Ill. Feb. 22, 2012). Given this district's emphasis on requiring only a modest factual showing of a common plan or policy, the court is not persuaded that the class conflicts present here bar conditional certification of plaintiff's FLSA collective action.

Defendant also argues that under Espenscheild v. DirectSat USA, LLC, 705 F. 3d 770, 771 (7th Cir. 2013), there is "no practical difference between the certification standards of Rule 23 and 216(b)." Accordingly, if plaintiff's class allegations fail under Rule 23 they also fail under section 216(b). Espenscheild, however, does not apply to the present case. Unlike here, Espenscheild involved decertification of a collective action in which discovery had already occurred and the court was required to analyze the factors laid out in step two of the process articulated above. Contrary to conditional certification at step one, the decertification stage is a more stringent analysis that closely resembles the requirements of Rule 23. At the conditional certification step, prior to discovery, the only inquiry is whether plaintiff has established the

modest factual showing of a common plan or policy to violate the FLSA. Courts in this district have recognized that a Rule 23 analysis is not appropriate at this stage. See Driver v. AppleIllinois, LLC, 265 F.R.D. 293, 316 n.20 (N.D. Ill. 2010) ("The FLSA has a lower threshold for conditional certification than Rule 23."); Smith, 2012 WL 580775, at *5 (noting that the standard for conditional certification of a collective action under step one is not the same standard outlined in Rule 23). As such, the court considers only whether plaintiff has established the required factual showing under step one.

Although step one involves a lenient standard, "'a modest factual showing cannot be founded solely on allegations of the complaint; some factual support must be provided, such as in the form of affidavits, declarations, deposition testimony, or other documents.'" Nehmelman v. Penn Nat. Gaming, Inc., 822 F. Supp. 2d 745, 750 (N.D. Ill. 2011), quoting DeMarco v. Northwestern Memorial Healthcare, No. 10-C-397, 2011 WL 3510905, at *1 (N.D. Ill. Aug. 10, 2011); Allen v. City of Chicago, No. 10-C-3183, 2013 WL 146389, at *5 (N.D. Ill. Jan. 14, 2013). As with class certification under Rule 23, the court is not limited to considering only plaintiff's allegations in analyzing the appropriateness of conditional certification, but instead can evaluate the entire record. Nehmelman, 822 F. Supp. 2d at 751. In the instant case, plaintiff has not provided a single affidavit or declaration to support the allegation that her claims "are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices." Plaintiff's bare allegations of a "non-complaint policy," without more, are not sufficient to survive defendant's motion. Because plaintiff has not established the necessary modest factual showing under step one, the court grants defendant's motion as to plaintiff's FLSA collective action.

## **CONCLUSION**

For the reasons discussed above, the court grants defendant's motion to strike the class allegations in the complaint. This matter is set for a report on status October 15, 2014, at 9:00 a.m.


**ENTER:      October 8, 2014**

_____
**Robert W. Gettleman
United States District Judge**